UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

    CASE No. 1:15-cr-90

NATHAN DESHAWN BENSON,

    HON. ROBERT J. JONKER

    Defendant.
_____/

## OPINION AND ORDER

Defendant Benson moves for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). (ECF No. 182). The government opposes the motion. (ECF No. 188). For the reasons set out below, the Court denies Defendant's motion.

## BACKGROUND

On August 24, 2015, Defendant pleaded guilty to three counts contained in a Superseding Indictment for conspiracy to commit bank robbery (Count 1); armed bank robbery (Count 6); and brandishing a firearm during and in relation to a crime of violence (Count 7). (ECF No. 54). On March 17, 2016, the Court sentenced Defendant to a total term of 168 months imprisonment. Counts 1 (60 months) and 6 (84 months) were ordered to be served concurrently. The Court imposed the mandatory minimum consecutive sentence of 84 months on Count 7. An Amended Judgment entered on April 1, 2016. Defendant did not appeal.

On December 20, 2023, Defendant filed a motion seeking to vacate his Section 924(c) conviction, and along with it his 84 month consecutive sentence, on the basis that neither of his convictions in Counts 1 or 6 qualifies as crimes of violence under recent Supreme Court

jurisprudence. The Court construed the motion as one seeking to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 and denied it in a May 17, 2024, decision. *Benson v. United States*, No. 1:23-cv-1373. According to the Bureau of Prisons website, Defendant's estimated release date is July 7, 2027.

On December 10, 2024, Defendant filed a motion for compassionate release. (ECF Nos. 182, 186). A letter of support is also on record. (ECF No. 187). The Government has responded in opposition. (ECF No. 188).

## LEGAL STANDARDS

Once a district court imposes a sentence, the Court generally may not modify that sentence except in limited circumstances. *United States v. Hunter*, 12 F.4th 555, 561 (6th Cir. 2021). One such exception is found in Title 18 U.S.C. § 3582(c)(1)(A)(i). That provision permits courts, when "warrant[ed]" by "extraordinary and compelling reasons" to reduce a defendant's sentence. Under *United States v. Alam*, 930 F.3d 861 (6th Cir. 2020), the Court must first be satisfied that defendant has exhausted his compassionate relief request in the BOP. If so, then under *United States v. Ruffin*, 978 F.3d 1000 (6th Cir. 2020), the Court must proceed with a "three-step inquiry." *See United States v. McCall*, 56 F. 4th 1048, 1054 (6th Cir. Dec. 22, 2022) (en banc). Under this approach, the Court must first determine whether the defendant has identified an extraordinary and compelling basis for relief. Second, courts must "confirm that any sentence reduction 'is consistent with applicable policy statements issued by the Sentencing Commission.'" *Id.* (quoting 18 U.S.C. § 3582(c)(1)(A)). And third, "defendants must persuade the district judge to grant the motion after the court considers the § 3553(a) factors." *Id.*

2

## DISCUSSION

Defendant appears to have exhausted his administrative remedies. But for the reasons that follow, the Court concludes Defendant has not demonstrated extraordinary or compelling reasons for compassionate release.

### 1. Family Circumstances

Defendant first seeks early release to care for his father. He claims that his family circumstances satisfy the requirements of the policy statement at U.S.S.G. § 1B1.13(b)(3)(C). That statement provides that extraordinary and compelling reasons may exist in circumstances concerning "[t]he incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent." (*Id.*). Defendant claims his father is battling cancer and requires daily assistance. He provides an unsigned letter apparently from his father (ECF No. 182-3) along with a signed letter from his father's Veteran's Administration. (ECF No. 187). Family separation is a painful and difficult consequence of a custodial punishment system. It is also an inherent part of any such system, not an extraordinary or compelling basis for release, at least in all but the most unusual case. There is nothing of record that would indicate this is such a case or that the policy statement regarding family circumstances as U.S.S.G. § 1B1.13(b)(3)(C) is met. As the Government persuasively argues, the Veteran's Administration is providing Defendant's father with at least some care. Defendant also has siblings who could presumably make arrangements to provide additional care.

### 2. COVID-19 Pandemic

Defendant also makes several arguments related to the COVID-19 pandemic. In particular he points to the percentage of his sentence that he served during the pandemic and the conditions

3

of confinement during the height of the pandemic.  The Court does not find that the BOP's COVID-19 mitigation protocols—that were instituted to protect the health and safety of inmates—amounts to an extraordinary and compelling reason for compassionate release that would be consistent with the guideline's policy statements.  Moreover, as other courts have observed, "'[g]eneralized statements about the conditions of confinement" such as these "do not constitute compelling reasons for compassionate release.'" *United States v. Allard*, No. CR 5:00-110-DCR, 2022 WL 11859598, at *2 (E.D. Ky. Oct. 20, 2022) (quoting *United States v. Farmer*, No. 19-cr-427, 2022 WL 47517, at *4 (S.D.N.Y. Jan. 5, 2022)).  The circumstances Defendant describes, furthermore, "do not warrant a departure from the general rule that '[c]ourts ought not to interfere with prison operations in the absence of constitutional deprivation.'"  *Id.* (quoting *United States v. Patino*, 452 F. Supp. 3d 705, 712 (E.D. Mich. 2020)).

    3.  *Computation of Sentence*

Next, Defendant contends the BOP has failed to account for certain earned time credits he says he has earned.  The First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (the "First Step Act") implemented a number of prison and sentencing reforms.  In particular, Section 102(b)(1) amended 18 U.S.C. § 3624 by adding a subsection (g), which is related to the First Step Act's creation of an earned time credit system. Earned time credit is given for "successfully complet[ing] evidence-based recidivism reduction programming or productive activities."  First Step Act § 101(a), 132 Stat. at 5198.  Those credits cannot apply to early release unless the prisoner receives a Prisoner Assessment Tool Targeting Estimated Risk and Needs (PATTERN) score of "minimum" or "low."  *See* 18 U.S.C. § 3624(g)(1)(B) (limiting eligibility for prerelease custody or supervised release to prisoners who have "shown through the periodic risk assessments a

4

demonstrated recidivism risk reduction or has maintained a minimum or low recidivism risk, during the prisoner's term of imprisonment[.]"); *see also* 28 C.F.R. § 523.44(b)(2) (noting the BOP may apply earned time credits towards prerelease custody or early transfer to supervised release under § 3624(g) only if the prisoner has, among other things, "[s]hown through the periodic risk assessments a demonstrated recidivism risk reduction or maintained a minimum or low recidivism risk, during the term of imprisonment[.]").

To the extent Defendant is disputing his assessment, or how the BOP is or is not applying credits towards his sentence, he fails to demonstrate an extraordinary or compelling basis for compassionate release. There are well-worn processes, including administrative remedies and a habeas petition brought under 28 U.S.C. § 2241, for challenging the BOP's computation of a sentence. *See Barker v. Barnhart*, No. 18-5969, 2019 WL 4391453, at *3 (6th Cir. June 4, 2019). Compassionate release does not serve as an end run around these processes. *See United States v. McCall*, 56 F.4th 1048, 1066 (6th Cir. 2022

4. *Rehabilitation*

Defendant finally argues that compassionate release is warranted based on his rehabilitation while in custody. Defendant states that he has taken various educational programs, qualifies for good time credit, and is ready to reenter society. Defendant attaches some records reflecting educational classes and program completions. These efforts are commendable, but they do not, standing alone, amount to an extraordinary or compelling basis for compassionate release. *See* 28 U.S.C. § 994(t); U.S.S.G. § 1B1.13(d). Nor do they significantly alter the Section 3553 factors weighed at his sentencing.

*5. Section 3553 Factors*

Moreover, the Section 3553 sentencing factors augur against early release. The Court continues to believe that Defendant's sentence is correct based on a full consideration of the sentencing factors. Reducing his sentence further would undermine the purposes of the original sentence. It would also fail to reflect the serious nature of the offense and to promote specific and general deterrence.

## CONCLUSION

**ACCORDINGLY, IT IS ORDERED** that Defendant's motion for compassionate release (ECF No. 182) is **DENIED.**


Dated:   February 20, 2025                    /s/ Robert J. Jonker
                                              ROBERT J. JONKER
                                              UNITED STATES DISTRICT JUDGE